[No. 23160. Department One. June 30, 1931.]

MILDRED STILES PHILLIPS, *Appellant,* v. PANTAGES THEATRE COMPANY, *Respondent.*[1]

*P. L. Pendleton* and *W. G. Palmer,* for appellant.
*Ryan, Desmond & Ryan,* for respondent.

MAIN, J.—The plaintiff, by her guardian *ad litem,* brought this action to recover damages for the breach of an alleged contract. The defendant denied liability, and the cause came on for trial before the court and a jury. At the conclusion of the plaintiff's evidence, the defendant moved for a nonsuit, which motion was sustained, and from the judgment dismissing the action the plaintiff appeals.

The essential facts may be briefly stated. The respondent was a corporation, owning and operating a vaudeville and moving picture theatre in the city of Tacoma. In the month of February, 1927, it inserted an advertisement in the Tacoma daily newspapers where it was announced that it would hold on certain days what was termed a movie contest for beginners. Certain of the contestants appeared on the stage each

[1]Reported in 300 Pac. 1048.

afternoon and evening, and gave their performance before the theatre audience and before the moving picture camera. There were six preliminary contests, and the winner of each was determined by the applause of the audience in a manner not necessary here to detail. The appellant was the winner of one of the preliminary contests and, as a result thereof, was entitled to enter the final contest, which was held February 24, 1927, but the manager of the theatre refused to allow her to enter that contest. The winner of the final contest was to be determined in the same manner as the winners of the preliminary contests. The prize for winning the final contest was a round trip to Hollywood, California, covering a period of two weeks, with all expenses paid.

The appellant claims that, by reason of being refused the right to enter the final contest after having won one of the preliminary contests, she is entitled to damages for breach of contract. For the purposes of this case, it will be assumed, but not decided, that a contract relation existed between the parties.

Whether the appellant would have won the final contest, as above indicated, depended upon the applause from the audience, and this was a matter which rested purely on speculation and conjecture. Without either the winning of the final contest, or substantial proof that she would have won had she been permitted to enter, no recovery can be had, because, as indicated, one of the essential elements of the appellant's case rested purely upon speculation and conjecture. Even though the appellant may have been entitled to nominal damages, the judgment should not be reversed and a new trial ordered for this reason.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MILLARD, JJ., concur.